UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Michael Alonza Rufus, | ) C/A No. 6:10-00309-TLW-WMC |
|---|---|
| Petitioner, | ) |
| vs. | ) |
| Saagu Zeleke, | ) **Report and Recommendation** |
| Respondent. | ) |

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA),Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

**Background**

Petitioner is a federal inmate currently housed at the Alston Wilkes Society, a residential re-entry center located in Columbia, South Carolina. Petitioner filed the instant habeas petition, pursuant to 28 U.S.C. § 2241, seeking a preliminary injunction "staying enforcement" of an institutional policy and procedure regarding possession of cellular phones by inmates. (Docket Entry No. 1).

On February 5, 2010, a routine search of Petitioner's room revealed a cellular phone and charger. Petitioner received an incident report for possession of the cellular phone, which is considered a "hazardous tool." (Docket Entry No. 1, Attachment No. 2). Petitioner indicates that the disciplinary infraction could result in: (1) the loss of "good time" credit; (2) Petitioner's placement in a Federal Bureau of Prisons' facility; and (3) the deprivation of institutional "benefits." (Petition, pages 3, 5). Petitioner also alleges that the Respondent's confiscation of his property "is in violation of the due process clause," infringes Petitioner's constitutional rights under the First Amendment, and "violates the prohibitions of the Equal Protection Clause." (Petition, pages 4, 6). Petitioner states that he is filing "without exhaustion of his available administrative remedies due to it being futile as compared [to] the circumstance and due to any such requirement . . . abridging Petitioner's access to the courts." (Petition, page 7).

**Discussion**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Moreover, a petition for habeas corpus under § 2241 is the proper method to challenge the execution of a federal sentence. *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (citing *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc)). However, a civil rights action is

the proper vehicle to challenge "the conditions of [a prisoner's] prison life, but not [] the fact or length of his custody." *Preiser*, 411 U.S. at 499.

In *Preiser v. Rodriguez*, the Supreme Court held that when a prisoner challenges the fact or length of his confinement and seeks release from that confinement, his sole federal remedy is a writ of habeas corpus. *Preiser,* 411 U.S. at 500. While the Court reserved judgment on the question of whether challenges to prison conditions may be brought under 28 U.S.C. § 2241, several circuit courts have since held that claims challenging the conditions of a prisoner's confinement are not properly brought in a habeas petition. *See Glaus v. Anderson*, 408 F.3d 382 (7th Cir. 2005) (claim for deliberate indifference to a prisoner's medical needs was not cognizable under § 2241, as release from custody was not an available remedy); *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)(per curiam)(if a favorable resolution of the action would not automatically entitle the prisoner to release, the proper vehicle is a civil rights action)*; Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement. . . . A civil rights action, in contrast, is the proper method for challenging 'conditions of confinement'"). *See also Lee v. Winston*, 717 F.2d 888 (4th Cir. 1983)(holding that a claim seeking injunctive relief, which was unrelated to the legality of a prisoner's confinement, was cognizable under 28 U.S.C. § 1983, but not under 28 U.S.C. § 2254); *Warman v. Philips*, Civil Action No. 1:08cv217, 2009 WL 2705833 at *3 (N.D.W.Va. Aug. 25, 2009)(holding that it is well established that a § 2241 petition "may not be used to challenge [an] inmate's conditions of confinement").

In the present action, Petitioner challenges the enforcement of an institutional policy, which directs the confiscation of cellular phones, and classifies a cellular phone as a "hazardous

3

tool." Petitioner claims that his constitutional rights have been violated by the confiscation of his property, and that Petitioner's disciplinary write-up has the "probability" of affecting his good time credits, institutional privileges, and institutional placement. While Petitioner could seek the restoration of good time credit, forfeited as a result of a disciplinary conviction, through a § 2241 action, the instant petition provides no indication that such a disciplinary conviction has occurred, or that any good time credits have been forfeited by the Petitioner. Thus, while Petitioner styles the instant action as a § 2241 petition, challenging the execution of his sentence, he actually alleges constitutional violations associated with the enforcement of a prison policy. As Petitioner is challenging a condition of his confinement, rather than the execution of his sentence, Petitioner is not entitled to any relief under § 2241.[1]

Finally, it is noted that, even if the Petitioner could avail himself of §2241, the instant petition would still be dismissed for failure to exhaust administrative remedies. Although § 2241 itself does not contain an exhaustion requirement, a federal prisoner must first exhaust his administrative remedies before bringing a claim under that statute. *See McClung v. Shearin*, No. 03-6952, 2004 WL 225093, at **1 (4th Cir. Feb. 6, 2004)(citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)). Petitioner clearly states that he has not exhausted his available administrative remedies.[2] While Petitioner claims exhaustion would be "futile," the petition fails to allege any extraordinary circumstances to justify waiver of the administrative exhaustion requirement. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)("'Exceptions to the

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. The Clerk of Court has been directed to mail the standard complaint form, used by federal prisoners to file a *Bivens* action, to the Petitioner.

[2] Petitioner clearly indicates that his disciplinary infraction and write up occurred on February 5, 2010, two days prior to Petitioner signing the instant petition. Therefore, it appears Petitioner did not even attempt to utilize his administrative remedies prior to filing this action.

exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action'") (citing *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). As Petitioner fails to state a cognizable claim under, or meet the exhaustion requirement for, a habeas action pursuant to § 2241, summary dismissal is appropriate.

### **Recommendation**

Therefore, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

February 17, 2010  s/William M. Catoe
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).